YOUNG (ALCOTT v.). See Case No. 149.

---

## Case No. 18,151.

### YOUNG v. ANDES INS. CO.

[1 Flip. 599; 3 N. Y. Wkly. Dig. 363; 3 Cent. Law J. 719.] [1]

Circuit Court, S. D. Ohio. Oct. 5, 1876.

REMOVAL OF CAUSES—TIME FOR APPLICATION.

1. Under the act of March 3, 1875 [18 Stat. 470], a removal of a suit pending in the state court at the passage of that act wherein a trial had been had after such passage, cannot be made, although the verdict was set aside and a new trial granted. and the petition for removal

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 3 N. Y. Wkly. Dig. 363, contains only a partial report.]

was made at the first term at which the second trial could have been had.

[Cited in Hendecker v. Rosenbaum, 6 Fed. 99.]

2. Although no motion be made to remove the cause to the state court until a full term had passed by since the filing of such motion and the transcript of the proceedings in the state court—there is no waiver of the right so to do, nor will such conduct be deemed a submission to the jurisdiction of the United States court; no other proceedings being had therein than the filing of such transcript and motion.

At law.

Matthews, Ramsey & Matthews, for plaintiff.

Moulton, Johnson & Levy, for defendant.

SWING, District Judge. The plaintiff, a citizen of the state of Louisiana, on the 18th day of March, 1874, filed his petition in the superior court of Cincinnati against the defendant, a corporation organized under the laws of Ohio, to recover from it the sum of twenty-three hundred and ninety-three dollars exclusive of costs for a loss under a policy of insurance against fire, issued by defendant to plaintiff. Issue was joined and a trial before a jury had at the April, 1875, term of the court named, resulting in a verdict in plaintiff's favor for the amount claimed in the petition. The defendant filed a motion for a new trial, and the same was at the March, 1876, term of said court, granted, and the verdict set aside, and at the same term and before any further proceedings were had, the defendant made its application in due form, and accompanied with the required security, for a removal of the cause to this court under the act of congress approved March 3, 1875, relating to removals of causes from the state to the federal courts, and a transcript of the record was filed in this court on the first day of its April, 1876, term, thus completing the removal, so far as such filing was necessary; and it is also conceded that, so far as all questions of citizenship of parties, the amount involved and the nature of the suit, as well as the sufficiency within itself of the application and bond for removal, the defendant is within and has complied with the act already referred to. But the plaintiff, by his motion filed at the June term last past, asks to have the case dismissed from this court for want of jurisdiction, and to remand it to the state court, for the reason that the application for removal was not made in time in the state court, inasmuch as a trial was had in that court after the passage of the act of March 3, 1875, under which the removal was sought to be made. The defendant resists the motion. claiming first: that the motion to dismiss comes too late, being filed at a subsequent term to that in which the transcript from the state court was filed; and hence that the right to removal, simply because the application may not have been in time—that not being a jurisdictional element like citizenship or amount—has been

waived or lost; and second, that the application was in time within a fair construction of the act. The defendant's position, under this latter point being that the right of removal is not wholly lost by a failure to make the application at or before the first trial, but suspended merely, and if a new trial be granted, that the right revives, and may be made available by an application at or before the term at which the case may be first tried after the granting of such new trial; in other words, that such granting places both parties in the condition they were before the trial, and the case stands as if no trial had been had, and that an application then made ·in proper time is within the meaning and purport of the act—one made at or before the term at which the case could be first tried—and finally, that the trial which occurs and deprives a party of the right of removal must be a final trial.

The statement of facts presents for decision the questions:

1st—Was the application for the removal of the cause in time? The determination of this question involves the construction of the 3d section of the "Act to determine the jurisdiction of the circuit court of the United States, and to regulate the removal of causes from state courts; passed March 3, 1875." The language of that portion of this section which bears upon this proposition is: "That whenever either party, or any one or more of the plaintiffs or defendants, entitled to remove any suit mentioned in the next preceding section, shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make, and file a petition in such suit in such state court, before or at the term ·at which·such cause could be first tried, and before the trial thereof." It has been held that it made no difference that several trials may have been had in a cause, if it stood for trial at the time of the passage of the act, and that it was removable, if application was made at the first term of the court at which it could be tried after such passage. Merchants' & Manufacturers' Nat. Bank v. Wheeler [Case No. 9,439]; Hoadley v. San Francisco [Id. 6,544]; Andrews v. Garrett [Id. 375]. If the language of the act of 1875 was the same as that of the act of 1867 [14 Stat. 558], we should hold, in accordance with the decision of•the supreme court in the case of Insurance Co. v. Dunn, 19 Wall. [86 U. S.] 214, that although there may have been a trial of the cause after the passage of the act, a new trial having been granted, it could be removed at the first term at which a trial could have been had after the new trial had been granted; but the language of the two acts is entirely different. That of the act of 1867 is: "At any time before the final hearing or trial of the suit." That of 1875 is, "before or at the term at which said cause could be first tried, and before the trial thereof." The supreme court said the word "final" in the first named act, applied as well to the word "trial"

as to the word "hearing." This qualifying word is left out of the new act, and we, therefore, conclude that congress did not mean the final trial. The party having therefore proceeded to the trial of his cause without asking for its removal, is not at a subsequent term, entitled to have it removed, although a new trial may have been granted him.

2d—It is said, however, that the cause having been removed into this court, and the plaintiff having permitted a term of the court to pass without objection, has waived his right to object to the jurisdiction. We do not think so. If the plaintiff had taken any steps in the case after its removal into this court, he might have waived his right; but he did nothing in the cause until he moved for its dismissal, which was at the next term after the record had been filed. We do not think this was such negligence as would deprive him of the right of objection to the jurisdiction. The cause is, therefore, remanded to the superior court.